IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRED CROMWELL § | | |
| JEFF BANKSTON § | | PLAINTIFFS |
| § | | |
| v. § | | Civil Action No. 1:07cv996HSO-JMR |
| § | | |
| DRIFTWOOD ELECTRICAL § | | |
| CONTRACTORS, INC., et al. § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING JOINT EMPLOYER STATUS AND LIQUIDATED DAMAGES**

BEFORE THE COURT is the Motion [46] of Defendants Driftwood Electrical Contractors, Inc. ("Driftwood"), and BellSouth Telecommunications, Inc. ("BellSouth")[1], for Summary Judgment Regarding Joint Employer Status and Liquidated Damages, filed on or about August 13, 2010, in the above captioned cause. Plaintiffs have filed a Response [48], and Defendants a Reply [50]. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion should be granted in part and denied in part.

I. BACKGROUND

Plaintiffs filed their Complaint on August 7, 2007, alleging that Defendants Driftwood Electrical Contractors, Inc., AT&T Communications, Inc.[2], and BellSouth

---

[1]Incorrectly identified in the Complaint as BellSouth Communications, Inc.

[2]Driftwood and BellSouth state that "[i]t appears that the Fifth Circuit agreed with this Court in holding that AT&T was not a proper party to this case, and the parties have

Telecommunications, Inc., violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, by failing to pay overtime for cable splicing services they performed in hurricane restoration efforts.  By Order dated March 9, 2009, this Court held that Plaintiffs were independent contractors, not employees, and were therefore exempt from the overtime provisions of the FLSA.  Plaintiffs appealed to the United States Court of Appeals for the Fifth Circuit, which vacated this Court's judgment on grounds that the facts of the case were not sufficient to establish, as a matter of economic reality, that Plaintiffs were in business for themselves during the relevant time period.  *Cromwell v. Driftwood Elec. Contractors, Inc.*, 348 Fed. App'x 57, 61 (5th Cir. 2009).  Whether BellSouth and Driftwood were Plaintiffs' joint employers pursuant to the FLSA was not before the Fifth Circuit.

Bellsouth now moves for summary judgment, requesting that this Court find as a matter of law that it was not a joint employer with Driftwood.  Driftwood seeks summary judgment on Plaintiffs' claims for liquidated damages under the FLSA, on grounds that it acted on a good faith belief that Plaintiffs were correctly classified as independent contractors.

---

made this stipulation to the Court orally."  Mem. in Supp. of Mot. for Summ. J. at p. 2 n.1.  Indeed, the Fifth Circuit stated that "AT&T appears to have had nothing to do with the facts of this case."  *Cromwell*, 348 Fed. App'x at 58.  Based upon the record as it currently stands, however, AT&T remains a party to this action.  If the parties agree that AT&T is in fact not a proper party to this case, a proper motion or stipulation of dismissal must be filed with this Court.

II.  DISCUSSION

A.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material.  *Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).  With regard to "materiality," it is important to remember that only those disputes of fact which might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment.  *Id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial."  *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing

party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142, 149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson*, 477 U.S. at 249.  The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *Gaddis v. Smith & Nephew, Inc.,* 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

B.      Whether BellSouth was a Joint Employer

"The FLSA's definition of 'employer' contemplates the possibility of multiple employers." *Itzep v. Target Corp.*, 543 F. Supp. 2d 646, 652 (W.D. Tex. 2008).  Under the law of this Circuit, in considering whether a corporation is an "employer" or "joint employer" under the FLSA, the total employment situation should be considered, with particular regard to the following inquiries:

> (1) Whether or not the employment takes place on the premises of the company?; (2) How much control does the company exert over the employees?; (3) Does the company have the power to fire, hire, or modify the employment condition of the employees? . . .(4) Do the employees perform a 'specialty job' within the production line?; and (5) May the employee refuse to work for the company or work for others?

*Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968).

"To facilitate determination of FLSA coverage, the courts have established the 'economic reality test.'" *Reese v. Coastal Restoration and Cleaning Services, Inc.*,

-4-

No. 1:10cv36, 2010 WL 5184841, at * 3 (S.D. Miss. Dec. 15, 2010) (*citing Williams v. Henagan*, 595 F.2d 610, 620 (5th Cir. 2010)). The four factors to consider are whether the purported employer: (1) had the power to hire and fire the employee; (2) supervised and controlled the employee's work schedule or conditions of employment; (3) determined the rate and method of payment for the hours worked; and (4) maintained employment records. *Id.*; *see also Mendez v. Timberwood Carpentry & Restoration, LLC*, No. H-09-490, 2009 WL 4825220, at * 5 (S.D. Tex. Dec. 9, 2009). When material facts are not in dispute, whether a party is a joint employer is a question of law. *Cooke v. Jasper*, No. H-07-3921, 2010 WL 4312890, at *4 (S.D. Tex. Oct. 25, 2010) (*citing Karr v. Strong Detective Agency, Inc.*, 787 F.2d 1205, 1206 (7th Cir. 1986)).

In support of its position, BellSouth points to competent summary judgment evidence that it was Driftwood's customer, not a joint employer. At all relevant times, Driftwood was subcontracted to Trawick Construction Company, which was hired by BellSouth to perform storm restoration work following Hurricane Katrina. Kendall Decl., attached as Ex. "C" to Def.'s Mot. BellSouth did not hire Plaintiffs or determine their rate of pay. *Id*. Plaintiffs did not work on BellSouth premises. *Id*. BellSouth did not provide equipment to Plaintiffs. *Id*. BellSouth did not supervise Plaintiffs, nor did it make any decisions regarding their employment. *Id*.

In opposition, Plaintiffs do not point to any record evidence or otherwise designate specific facts showing a genuine issue for trial in support of their claim.

Plaintiffs instead cite to the Code of Federal Regulations and state only that "[i]n the current case, the Defendants would be joint employers under the second theory for joint employers because Driftwood acted in both direct and indirectly in the interest of BellSouth in relation to the Plaintiffs."[3]  Pls.' Resp. at p. 6.  Plaintiffs' affidavits attached to their Response were relied upon only in support of their summary of facts and claim for liquidated damages, and not in support their claim that BellSouth and Driftwood were joint employers.  To satisfy their burden at the summary judgment stage, Plaintiffs "were required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence supported their claim."  *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*citing Toplian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)).  Because Plaintiffs did not satisfy this burden, summary judgment is appropriate on this claim.

Moreover, the Court is persuaded that summary judgment would still be appropriate even if it were to consider the evidence contained in Plaintiffs' factual summary.  According to Plaintiffs, Defendants informed them that they could be terminated if they left the job site early.  Pls.' First Affs., attached as Ex. "A" to Pls.'

---

[3]The United States Department of Labor has issued regulations which state in part that:

> (b)  Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as: . . . (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; . . . .

29 C.F.R. § 791.2(b)(2).

Resp. Without more, this evidence is not sufficient summary judgment evidence as to whether BellSouth had any power to fire or control decisions regarding Plaintiffs' employment.

The other evidence referenced by Plaintiffs is not sufficient to defeat summary judgment. Plaintiffs maintain that they were required to work a particular schedule, however, the evidence does not establish whether BellSouth or Driftwood established this schedule. *Id.* The evidence also reflects that Plaintiffs were required to report to BellSouth's location to receive directions on their tasks. Pls.' First Affs., attached as Ex. "A" to Pls.' Resp. However, there is no indication that it was BellSouth which provided Plaintiffs with their tasks, or that Plaintiffs remained at the BellSouth premises to complete their tasks. *Id.*

Plaintiffs further aver that they were under the direct supervision of BellSouth and Driftwood. *Id.* Supervision alone, however, is not dispositive on the question of employer status. *See, e.g., Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003) ("By contrast, supervision with respect to contractual warranties of quality and time of delivery has no bearing on the joint employment inquiry, as such supervision is perfectly consistent with a typical, legitimate subcontracting arrangement."); *Quintanilla v. A&R Demolitina, Inc.*, No. H-04-1965, 2005 WL 2095104, at *11 (S.D. Tex. Aug. 30, 2005) (holding that there was no fact issue as to whether the general contractor was the joint employer of the subcontractor's employees because "the allocation of supervision and related tasks . . . [was] consistent with such a relationship."). Plaintiffs here maintain only that "[w]hen

they finished a task, they would call the Driftwood or BellSouth supervisor to receive further directions on what tasks to complete." Pls.' Resp. at 2; Pls.' First Affs., attached as Ex. "A" to Pls.' Resp.  Conversely, if Plaintiffs did not finish a task, "they were required to call into BellSouth and/or Driftwood to let them know that they were on the job site from the prior day." *Id.*  Even if the Court were to weigh this factor in favor of joint employment status, the factors as a whole weigh against a finding that BellSouth was a joint employer.  Based upon the foregoing, the Court concludes that summary judgment is appropriate on this point.

C.     <u>Whether Plaintiff is Entitled to Liquidated Damages</u>

An employer who violates the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  "However, a court can decline to award, or reduce the amount of liquidated damages if it finds the employer acted in good faith and with reasonable grounds to conclude that the plaintiff was exempt from overtime." *Martin v. PepsiAmericas, Inc.*, No. 1:07cv91, 2008 WL 4755394, at* 4 (N.D. Miss. Oct. 28, 2008) (*citing Burns v. Blackhawk Mgmt. Corp.*, 494 F. Supp. 2d 427, 436-37 (S.D. Miss. 2007)).  "Even if a trial court is satisfied that an employer acted both in good faith and reasonably, it may still award liquidated damages at its discretion in any amount up to that allowed by 29 U.S.C. § 216(b)." *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 n.8 (5th Cir. 1990) (*citing McClanahan v. Mathews*, 440 F.2d 320, 323 (6th Cir. 1971)).  The Fifth Circuit has held that an

employer "faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 823 (5th Cir. 2003) (*quoting Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 267 (5th Cir. 1998)).

The Court cannot conclude at this juncture that Driftwood has discharged its substantial burden. Good faith "requires some duty to investigate potential liability under the FLSA," *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir. 1979), and Driftwood has not produced sufficient evidence in this regard. Given that the employer's burden is a substantial one, and based upon the arguments and evidence submitted, summary judgment would be inappropriate at this stage.

### III.  CONCLUSION

The Court concludes that BellSouth was not Plaintiffs' joint employer, and summary judgment is therefore appropriate on Plaintiffs' claims against BellSouth. Summary judgment is not warranted on Plaintiffs' claims for liquidated damages.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [46] of Defendants Driftwood Electrical Contractors, Inc., and BellSouth Telecommunications, Inc., for Summary Judgment Regarding Joint Employer Status and Liquidated Damages, filed on or about August 13, 2010, in the above captioned cause, should be and hereby is **GRANTED IN PART AND DENIED IN PART**. Summary judgment regarding joint employer status is granted, and BellSouth Telecommunications, Inc., is hereby dismissed from this action, with

prejudice.  Summary judgment on Plaintiffs' claim for liquidated damages is denied.

**SO ORDERED AND ADJUDGED**, this the 25th day of February, 2011.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE